## THIRD DEPARTMENT, JULY, 1956

### (July 9, 1956)

■ In the Matter of the Claim of DOROTHY CZYSZ, Respondent, against AMERICAN RADIATOR & STANDARD SANITARY CORP., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by a self insured employer from an award of death benefits in the sum of $2,000, made by the Workmen's Compensation Board, in a nondependency death claim, to the Special Funds Conservation Committee. Decedent committed suicide by hanging himself on August 23, 1951. The record indicates that he was employed by appellant for some 16 years, but was frequently unable to work because of excessive use of alcohol. There is substantial evidence to sustain the conclusion that he was a chronic alcoholic. The year before his suicide he was committed to the psychopathic department of a hospital, under a court order, for mental observation. His daughter, who signed the petition for his commitment, gave a history that he had been drinking heavily for a month. He suffered from hallucinations. He stated on his admission to the hospital that he drank a quart a day and also beer. On May 28, 1951 he was disabled as a result of silicosis. There is testimony to the effect that he was considerably upset mentally when he learned of his condition. The Board has found that silicosis caused decedent to undergo changes in his personality and behavior, with derangement of his mind which ultimately led to an uncontrollable impulse to commit suicide; and that his suicide was the natural and unavoidable result of the silicosis. We find no substantial medical testimony in the record to sustain these findings, and they deal with a subject with which the Board was scarcely competent to deal without the benefit of expert testimony. Neither doctor who testified in the case gave testimony which supports the findings mentioned. Dr. Whipple testified that while knowledge of his silicotic condition might have increased decedent's emotional disturbance he did not believe it was a contributing factor to his suicide. The crucial factors were, in his opinion, that decedent was fundamentally an abnormal personality and a chronic alcoholic. Dr. Schutkeker, a specialist in psychiatry, said that silicosis played an insignificant and trivial part in the suicide. In his medical report, which was introduced in evidence, this physician said flatly that he did not believe there was any direct causal relation between decedent's occupational disease and his death by self destruction. Thus the testimony of either doctor was far from substantially sustaining the conclusion of the Board that decedent's death was the natural and unavoidable result of silicosis. In view of that failure in proof it is unnecessary to discuss the cases cited which deal with suicides under different facts. Award reversed and the claim dismissed, with costs against the Workmen's Compensation Board. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.